(C.R.D. 79–4)

SPRAGUE ELECTRIC COMPANY *v.* UNITED STATES (CAPAR COMPONENTS CORP., PARTY-IN-INTEREST)

■■■■■■■■■■

Court No. 77–9–03056

■■■■■■■■■■

(Dated January 25, 1979)

*Stewart & Ikenson* (*Eugene L. Stewart* and *Frederick L. Ikenson* of counsel) for the plaintiff.

*Barbara Allen Babcock,* Assistant Attorney General (*Joseph I. Liebman* and *William F. Atkin,* trial attorneys), for the defendant.

NEWMAN, Judge: On December 27, 1978, I granted defendant's motion for a protective order concerning seven documents in the files of the United States International Trade Commission (ITC), predicated upon a claim of executive privilege asserted by the Chairman of the Commission; and additionally ordered that the Secretary of the Commission transmit an eighth document under seal for an "in camera" inspection for the purpose of further considering defendant's claim of executive privilege respecting a portion of that document. Defendant's alternative request to file an immediate appeal pursuant to 28 U.S.C. 1541(b) was denied at that time. *Sprague Electric Company* v. *United States* (*Capar Components Corp., Party-in-Interest*), 81 Cust. Ct. 168, C.R.D. 78–18 (1978).

Pursuant to the order of December 27, 1978, the Secretary of the ITC has transmitted under seal two certified copies of the eighth document (such document designated as "h" in exh. A annexed to the affidavit of the Chairman of the ITC), one copy constituting a complete and unexpurgated document, and the other copy having excised therefrom a portion of the second paragraph which defendant claims contains privileged matter.

I have made an "incamera" inspection of document "h," and following the principles articulated in my prior opinion, C.R.D. 78–18, have determined that the excised portion of the second paragraph is not privileged. Accordingly, it is hereby ORDERED that defendant's motion for a protective order is denied with respect to the deleted portion of the second paragraph of document "h," and defendant shall make available to plaintiff a certified copy of document "h," without deletion, within ten (10) days of the entry of this order.

I am clear that the imperatives of 28 U.S.C. 1541(b) are not present: This dispute does not involve a controlling question of law as to which there is substantial ground for difference of opinion, nor would an immediate appeal from this order materially advance the ultimate determination of this litigation. Hence, defendant's alternative request to proceed by way of an immediate appeal is denied.